# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50069 | **DATE** | 6/06/2008 |
| **CASE TITLE** | Richard Prymer (#26309) v. Winnebago County | | |

**DOCKET ENTRY TEXT:**

Plaintiff is given 30 days from the date of this order to submit both: (1) another *in forma pauperis* application, and (2) an amended complaint. Failure to comply within 30 days will result in dismissal. The clerk is directed to forward an *in forma pauperis* application, an amended complaint form, and a copy of this order to plaintiff at 1708 Loomis Street, Rockford, IL 61102, which is the last known address for plaintiff provided by the Winnebago County Jail.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Richard Prymer, formerly incarcerated at Winnebago County Jail has filed this civil rights action, naming either Winnebago County or the Winnebago County Jail as defendant. Plaintiff seeks to raise a number of challenges to his criminal conviction: violation of his right to a speedy trial, violation of his right to confront witnesses, and violation of his due process right to a fair trial. Plaintiff's complaint also states that he had rotary cuff surgery before arriving at the jail, that he was not able to receive proper medication, that the jail was inattentive to his foot condition, and that he became overweight in jail due to stress. As relief, plaintiff asks that his criminal case be dismissed and that he receive damages for being wrongfully accused and slandered.

Although plaintiff filed this suit and an *in forma pauperis* application while incarcerated, Winnebago County Jail records indicate that plaintiff has been released. Because plaintiff was incarcerated at the time he filed suit, the Prisoner Litigation Reform Act applies, plaintiff may be assessed an initial partial filing fee, and the court must determine plaintiff's ability to pay the remainder of the $350 filing fee based upon his current financial status. *See* 28 U.S.C. § 1915(b); *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir.1997). The Court must resolve plaintiff's ability to pay the filing fee before allowing this case to proceed. *See* Local Rule 3.3. Therefore, plaintiff is directed to file another *in forma pauperis* application regarding his current financial and employment status within 30 days of the date of this order. The Court withholds ruling on the current *in forma pauperis* application and the filing fee issue until plaintiff submits another application. The clerk is directed to mail to Plaintiff at his current address an *in forma pauperis* application. Failure to submit another *in forma pauperis* application may be construed as plaintiff's desire not to proceed with this case and will result in dismissal.
**(CONTINUED)**

isk

## STATEMENT

Additionally, plaintiff's complaint, as currently drafted, neither states a valid claim nor names a proper party as defendant. Under 28 U.S.C. § 1915A, the court is required to conduct a preliminary review of a complaint and dismiss the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting plaintiff's factual allegations as true and liberally construing his pro se complaint, the complaint fails to present a viable federal claim.

With respect to plaintiff's challenges to his state criminal proceedings, plaintiff may not raise such claims in a civil rights action. State prisoners who want to challenge their convictions must file a petition for habeas corpus relief. *Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir.2000). Furthermore, a plaintiff may not proceed with a § 1983 action, if success in that suit would necessarily call into question the validity of a conviction unless and until the conviction has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Some of plaintiff's other assertions – that he was unable to obtain proper medication in jail following his rotary cuff surgery and that jail officials did not address plaintiff's foot problem – may state valid claims. *See Edwards v. Snyder,* 478 F.3d 827, 830-31 (7th Cir. 2007) (discussing the elements of a claim of deliberate indifference to a serious medical need). However, little to no information about these claims is provided, and the only named defendant is the Winnebago County Jail, which is not a suable entity. *Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304, 307 (7th Cir. 1993). Proper defendants would be the individuals personally involved.

Accordingly, plaintiff's complaint, as currently drafted, is dismissed. The court will allow plaintiff one opportunity to submit an amended complaint that sufficiently states valid claims and names proper defendants. If plaintiff wants to proceed with this action, he should name the individuals who acted with deliberate indifference to a serious medical need, and plaintiff should provide enough information to place the defendants on notice of the claim being alleged against them and the grounds upon which the claim is based.

Plaintiff is advised that an amended complaint supersedes an original complaint and must stand complete on its own. Plaintiff should thus include in an amended complaint all the claims he seeks to raise and all the defendants he seeks to sue in this case. The court will not refer to different pleadings to determine the claims plaintiff seeks to raise or the defendants to this action. The clerk shall forward an amended complaint form to plaintiff. Failure to submit an amended complaint within 30 days of the date of this order may be construed as plaintiff's desire not to proceed with this action, and will result in dismissal of the case.