IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| RICHARD PRYMER )<br>　　PLAINIFF )<br> )<br>VS. )<br> )<br>WINNEBAGO COUNTY, a body politic )<br>And Corporate, )<br>RICHARD A. MEYERS, )<br>　　WINNEBAGO COUNTY'S )<br>　　SHERIFF'S DEPARTMENT )<br>PAUL A. LOGLI, State's Attorney for the )<br>　　County of Winnebago (former) )<br>Philip Nicolosi, State's Attorney for the )<br>　　County of Winnebago )<br>JOHN T. GIBBONS, Assistant )<br>　State's Attorney for the )<br>County of Winnebago )<br>JOHN DOE'S )<br>JANE DOE'S )<br>　　Personally, individually, and severely) | Case No. 08-C5-3809   50069<br><br>RECEIVED<br>JUL 0 8 2008<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, Richard Prymer, pro se, and for his first amended complaint against the Defendants Winnebago County, a body politic and corporate, Richard A. Meyers, Winnebago County's Sheriff's Department, Paul A. Logli, State's Attorney for the County of Winnebago, (now retired), Philip Nicolosi, State's Attorney for the County of Winnebago, John T. Gibbons, Assistant State's Attorney for the County of Winnebago representing the State of Illinois; John Does and Jane Does, jointly, individually, and severally, alleges as follows:

1. Plaintiff, Richard Prymer, (hereinafter "Prymer") is a resident of the Town of Rockford, State of Illinois, County of Winnebago and at all relevant times was incarcerated at the Winnebago County Jail in Rockford, Illinois.

2. Defendant Winnebago County (hereinafter referred to as "County") is a body politic and corporate, incorporated under the laws of the State of Illinois

3. Defendant Winnebago County Sheriff's Department is a public entity and an official department, agency, and instrumentality of the County of Winnebago. The Sheriff's Department is responsible for operating, staffing and managing the Winnebago County Jail and for ensuring the addressing and care of the health matters of all prison inmates.

4. Defendant Richard A. Meyer is the Winnebago County Sheriff (hereinafter referred to as "Sheriff") and as such is an official elected representative and agent of the County. Sheriff Meyers is named as a Defendant herein in his official and individual capacity.

5. At the time complained of herein, John T. Gibbons was Assistant State's Attorney and lead prosecutor under the supervision Paul A. Logli, and subsequently, Philip Nicolosi, and is named as a Defendant herein in his official and individual capacity.

6. At the time complained of herein up through on or about September 2007, Paul A. Logli was the elected Winnebago County State's Attorney responsible for operating, staffing, managing and supervising the Office of the State's Attorney for the County of Winnebago, and is named as a Defendant herein in his official and individual capacity.

7. Subsequent to September 2007, Philip Nicolosi is the Winnebago County State's Attorney responsible for the operating, staffing, managing and supervising of the Office of the State's Attorney for the County of Winnebago, and is named as a Defendant herein in his official and individual capacity.

8. At the time complained of herein, defendants John and Jane Does were employees of the Winnebago County Sheriff's Department and/or State's Attorney's Office for the County of Winnebago acting under color of law in their official capacity as employees of Winnebago County in either it's jail and/or prosecuting attorneys acting under color of law in their capacity as prosecuting attorneys. John and Jane Does are named as Defendants herein in their official and individual capacities.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. Sections 1331 and 1343(a). This Court has subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. Section 1367 and 1441. This Court has personal jurisdiction over the individual defendants as each of them are residents of Illinois and all actions complained of herein occurred in Illinois.

10. Venue is proper in this District because all the conduct complained of herein occurred in this District.

## COUNT I – DEPRIVATION OF MEDICAL CARE

11. Plaintiff was arrested on October 5, 2006, and was thereafter a pretrial detainee being held in the custody of the Winnebago County Jail in Rockford, Illinois.

12. From the time of his initial detention to the time of the matter complained of herein, Plaintiff was under the sole care, custody and control of the County and its agents of the County's Sheriff's Office and the Winnebago County Jail, including, but not limited to, Defendants Sheriff Meyer and his agents and deputies John and Jane Doe's, and it was the duty of the Defendants to see to it that the Plaintiff was provided with necessary health care while he was in their care, custody and control.

13. It is custom, practice and policy of the Winnebago County Jail and Sheriff Meyers to fail to provide medical attention to detainees and the incarcerated.

14. As a result of this custom, practice and policy, numerous detainees have been deprived of necessary medical care, resulting in unnecessary pain, fear, trauma, and damage to their bodies.

15. Prior to being remanded to jail, Prymer had surgery on his right leg, and steel was placed thereto in his legal and ankle, requiring that he wear shoes and take prescription medication.

16. While detained in the Winnebago County Jail, Prymer complained that the leg shackles and deprivation of wearing shoes caused pain to his leg, disabling him to walk.

17. Approximately three (3) months after said complaint, the physician in the Winnebago County Jail entered an order for no shackles.

18. The denial, deprivation, discontinuance, and delay of providing medical care to Prymer resulted in pain, suffering, and problems walking.

19. The practices and customs individually and together are the proximate causes of Constitutional and other legal violations against Prymer.

WHEREFORE, Plaintiff Richard Prymer requests:

A. That this Court enter a Judgment in his favor and against defendants Winnebago County, Sheriff Myers, and Jane and John Does, personally, individually, and severely and;

B. That Plaintiff be awarded compensatory and punitive damages with amount to be decided at trial, and;

C. For such further relief as this Court deems just.

## COUNT II
## INTENTIONAL OR NEGLIGENT DELAY IN PROVIDING A SPEEDY TRIAL

20. Prymer realleges and incorporates herein by reference paragraphs 1 through 11 as if set forth in full herein.

21. On or about October 5, 2006, Prymer was arrested and charged with two (2) counts of criminal offenses.

22. Defendant John T. Gibbons, representing the State of Illinois as lead prosecuting attorney, and under the supervision and management of Defendant Paul Logli, requested and was granted a $50,000.00 bail against Prymer. Thereafter, the court denied requests to reduce Prymer's bail.

23. Prymer was remanded to jail and there remained until May 9, 2008.

24. At a time in the month of November 2006, Prymer, through his court appointed attorney, filed motion for a speedy trial. Said motion was not heard until the first day of trial and was denied by the court.

25. On or about March 29, 2007, the jury returned a verdict of guilty. Prymer was remanded to jail to await sentencing.

26. Subsequent thereto, Prymer filed motion to dismiss his court appointed Counsel for ineffective assistant, and the court appointed Attorney David Carter to represent Prymer.

27. At all times subsequent thereto, the trial court failed to hold a sentencing hearing.

28. On or about April 9, 2007, Prymer, through his court appointed attorney, filed motion for a new trial.

29. Without holding a new trial, on or about May 29, 2008, State Prosecutors, lead by Defendant John T. Gibbons, and under the supervision and management of State's Attorney Philip Nicolosi, moved to dismiss all charges against Prymer, and the trial court granted said motion.

30. On or about May 29, 2008, the trial court reviewed Prymer's Motion for a speedy trial and its earlier decision denying said Motion, and found that its earlier order denying said Motion had been entered in error.

31. On or about May 29, 2008, the trial court vacated the conviction entered by the jury against Prymer, and Prymer was released from jail

32. The Defendants' actions, including Paul Logli, Philip Nicolosi, and John T. Gibbons, was deliberately intended to delay, deny and deprive Prymer of a speedy trial, in direct violation of the State and United States Constitution.

33. Said Defendants' actions hindered Prymer's ability to gather evidence, contact witnesses, and otherwise prepare his defense.

WHEREFORE, Plaintiff Richard Prymer requests:

    A. That this Court enter a Judgment in his favor and against defendants John T. Gibbons, Paul Logli, and Philip Nicolosi, personally, individually, and severely, and;

    B. That Plaintiff be awarded compensatory and punitive damage with amount to be decided at trial, and;

    C. For such further relief as this Court deems just.

## COUNT III – MALACIOUS PROSECUTION

34. Prymer realleges and incorporates herein by reference paragraphs 1 through 30 as if set forth in full herein.

35. From the time that Prymer was arrested, until the trial court vacated conviction and dismissed charges, Prymer spent approximately nineteen (19) months in the Winnebago County Jail.

36. At the time of his arrest, Prymer was employed with Product Action as a Quality Assurance Inspector, and had been employed with said company for approximately two (2) years.

37. Defendants John T. Gibbons, Paul Logli, Philip Nicolosi, and Jane and John Does acting as Assistant State's Attorneys, maliciously prosecuted Prymer, the evidence thereto being that after Prymer was incarcerated approximately nineteen (19) months, said Defendants motioned to dismiss all charges against Prymer.

38. Said aforementioned Defendants held Prymer's automobile for evidence, and subsequently turned over said vehicle to the place where Prymer purchased and paid for same.

39. The length of time that Prymer was detained in jail resulted in the loss of said vehicle, depriving Prymer of its use after release from jail.

40. As a result of being maliciously prosecuted by said aforementioned Defendants, Prymer suffered loss of employment, loss of property, humiliation, and family disruption.

41. As a result of being maliciously prosecuted by said aforementioned Defendants, Prymer must bear the time and costs to have said arrest expunged from his record.

42. Said aforementioned Defendants' actions prosecuting Prymer on charges that they subsequently dismissed on their own motion, was oppressive.

WHEREFORE, Plaintiff Richard Prymer requests:

    A. That this Court enter a Judgment in his favor and against defendants John T. Gibbons, Paul Logli, and Philip Nicolosi, personally, individually, and severely, and;

    B. That Plaintiff be awarded compensatory and punitive damage with amount to be decided at trial, and;

    C. For such further relief as this Court deems just.

### COUNT IV – State Law Indemnification Against Winnebago County

43. Prymer realleges and incorporates herein by reference paragraphs 1 through 41 as if set forth in full herein.

44. Illinois law 743 ILCS 10/9-102, provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

45. In committing the acts alleged in the proceeding paragraphs, all aforementioned Defendants were employees and/or agents of the County of Winnebago and/or the County's Sheriff's Department and/or the Office of the Winnebago County State's Attorney, acting at all relevant times under the color of their employment.

WHEREFORE, WHEREFORE, Plaintiff Richard Prymer requests:

   A. That this Court enter a Judgment in his favor and against all named defendants, and;

   D. That Plaintiff be awarded compensatory and punitive damage with amount to be decided at trial, and;

   E. For such further relief as this Court deems just.

## Jury Demand

Plaintiff demands trial by jury on all Counts.

DATED: 7-8-08

_____
Plaintiff, Pro Se

Prepared by:
Richard Prymer
Pro Se
1708 Loomis Street
Rockford, IL 61102
815-299-0255

CERTIFICATION

By signing this Plaintiff's First Amended Complaint, I certify that the facts stated in same are true to the best of my knowledge, information and belief, except to matters alleged to be upon information and belief. I further understand that if this certification is not correct, that I may be subject to sanctions by the Court.

*Richard Prymer*
Richard Prymer
Pro Se
1708 Loomis Street
Rockford, IL 61102
815-299-0255